IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS.    ) | No. 05-10088-T |
| ) | |
| CHAD MICHAEL HEARN, ) | |
| ) | |
| Defendant. ) | |

ORDER REGARDING *PRO SE* FILINGS

On November 21, 2005, defendant Chad Michael Hearn was indicted on one count of failure to appear for sentencing as ordered by the Court. The Magistrate Judge subsequently determined that defendant qualified for appointed counsel. Therefore, M. Dianne Smothers of the Federal Defender's Office has been appointed to represent the defendant in this matter. A report date is currently set for April 14, 2006.

On February 27, 2006, the Clerk of Court received the first of several documents from the defendant, acting *pro se*. With the exception of one of the documents, they have not been filed but have only been stamped "Received."[1] Defendant has mailed additional copies of the documents directly to the Chambers of the undersigned Judge, to the Chambers of the Magistrate Judge, and to other Court personnel. The undersigned has even received faxed

---

[1] On March 13, 2006, the Magistrate Judge entered an order directing the Clerk to file one of the documents, which was received on February 23, 2006.

copies of some of the documents prior to receiving copies of the same documents in the mail. None of these documents are relevant to the charge brought against the defendant in this case or any other case pending in this Court.[2]

A defendant who is represented by counsel generally may not file *pro se* documents on his own behalf. "The right to defend *pro se* and the right to counsel have been aptly described as 'two faces of the same coin,' in that waiver of one right constitutes a correlative assertion of the other." United States v. Mosely, 810 F.2d 93, 97 (6th Cir. 1987) (quoting United States v. Conder, 423 F.2d 904, 908 (6th Cir. 1970)); see also United States v. Collins, 129 Fed. Appx. 213, 217 (6th Cir. 2005). The defendant cannot have it both ways; he has counsel and through that counsel he must proceed.

Therefore, the Court will not consider, and the Clerk is directed not to accept, any further *pro se* documents from defendant Chad Hearn in this case. Any such *pro se* documents received by the Clerk after the date of this order will be returned to the defendant. Such *pro se* documents mailed or faxed directly to the Chambers of the undersigned Judge will be discarded.

IT IS SO ORDERED.

                                                 s/ **James D. Todd**
                                                 JAMES D. TODD
                                                 UNITED STATES DISTRICT JUDGE

---

[2] Specifically, the documents are not relevant to any issue is case no. 05-10009, in which defendant was convicted by a jury of possession with intent to distribute "ecstasy" and possesion of a firearm during and in relation to a drug-trafficking offense.